USDS SDNY
DOCUMENT
ELECTRONIC    FILED

E FILE    7-20-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, et al.,

                          Plaintiffs,                          11 Civ. 1316 (PKC)

          -against-                                            MEMORANDUM
                                                               AND ORDER

VINTAGE FLOORING & TILE, INC.,

                          Defendant.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

          Plaintiffs instituted this is action to confirm an arbitration award under The

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), and

the Labor Management Relations Act, 29 U.S.C. § 185, et seq. ("LMRA"). In their Complaint

filed February 25, 2011, plaintiffs alleged that defendant Vintage Flooring & Tile, Inc.

("Vintage") failed to make fund contributions to plaintiffs' benefits plan pursuant to the parties'

collective bargaining agreement (the "Agreement"). Vintage was served with the Complaint, but

did not answer. In a pair of Orders dated April 21, 2011, the Court confirmed the arbitration

award, which included a directive to Vintage to comply with an audit of Vintage's books and

records, and entered judgment against Vintage. (Docket # 7, 8.) On November 3, 2011, Vintage

moved for an Order to Show Cause to vacate that judgment, which the Court denied.

          Before the Court is plaintiffs' motion for contempt and request for attorney fees,

costs, and expenses, filed on January 27, 2012. (Docket # 24.) The Court held a hearing on

plaintiffs' motion on March 28, 2012, at which Vintage did not appear. In a conference held on

June 5, 2012, the Court permitted plaintiffs to submit a further affidavit regarding Vintage's non-compliance with the audit and to seek additional fees and costs post-January 27, 2012.  Plaintiffs submitted a further affidavit on June 8, 2012, alleging Vintage's failure to cooperate with the audit process and seeking fees and costs expended from January 27, 2012.  (Docket # 40.) Vintage did not appear at the June 5 conference and has not filed an opposition to this motion.

Where an employer fails to make contributions to an employee benefits plan pursuant a collective bargaining agreement, ERISA mandates an award of reasonable attorney fees.  29 U.S.C. §§ 1132(g)(2), 1145.  In determining whether attorney fees are reasonable, the Court is to adopt a "presumptively reasonable fee."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008).  The reasonable hourly rate is "what a reasonable, paying client would be willing to pay."  Id. at 184.  Factors relevant to this determination include:

> [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 187 n.3 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 71719 (5th Cir. 1974)).  In addition to these factors, a district court should also consider "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively" and that the client "might be able to negotiate with his or her attorneys" in setting the fee.  Id. at 190.

2

Plaintiffs seek attorney fees. In their initial motion filed January 27, 2012, plaintiffs seek $4,430.00 in attorney fees. (Bauman Decl. ¶¶ 11–12.) In their June 8 submission, plaintiffs seek an additional $3,250.00 in fees for worked performed beginning January 27. (Bauman Supplemental Decl. ¶ 19.) As support, plaintiffs have submitted contemporaneous billing records stating the dates and amount of time during which services were rendered, the hourly rate at which the services were charged, and the name of the performing attorney or legal assistant. (Bauman Decl. Ex. A; Supplemental Bauman Decl. Ex. B.) The $4,430.00 sought in plaintiffs' January 27 submission represents 20.60 hours of work performed on behalf of plaintiffs, with time billed at a rate of $250.00 per hour for legal services and $90.00 per hour for paralegal services. (Bauman Decl. Ex. A.) The $3,250.00 plaintiffs seek in their June 8 submission represent 13.00 hours of legal work performed at an hourly rate of $250.00. (Supplemental Bauman Decl. Ex. B.) All legal services were performed in the Southern or Eastern Districts of New York. (Id.¶¶ 17–18.) Having reviewed plaintiffs' billing records and the criteria set forth in Arbor Hill, I find the hourly rates and the number of hours billed to be reasonable. Accordingly, plaintiffs' counsel is awarded $7,680.00 in attorney fees.

Plaintiffs also seek costs. ERISA mandates an award of reasonable costs to a prevailing plaintiff in an action to recover under an employer-sponsored plan. 29 U.S.C. § 1132(g)(2)(D). In support of their request for costs, plaintiffs have submitted a contemporaneous invoice showing that counsel expended a total of $69.31 in court fees, mailing costs, and legal research relating to this action. (Bauman Decl. Ex. A at 3.) Based on my review of the record, I find the requested costs to be reasonable and are therefore granted.

Lastly, plaintiffs ask the Court to hold Vintage in contempt for failing to cooperate with the audit process as required by the Court's April 21, 2011 Order. Rule 70(e),

Fed. R. Civ. P., permits a court to "hold the disobedient party in contempt." "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Paramedics Electromedecina Comercial, Ltda v. GE Med. Sys. Info. Techs, Inc., 369 F.3d 645, 655 (2d Cir. 2004) (internal quotations omitted). Civil contempt sanctions may serve the "dual purposes" of securing "future compliance with court orders" and "compensa[ting] the party that has been wronged." S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 146 (2d Cir. 2010) (internal citations omitted). Where a fine is to be paid to the opposing party, "the sanction should correspond at least to some degree with the amount of damages." King v. Allied Vision, Ltd., 65 F.3d 1051, 1062 (2d Cir. 1995).

Here, the arbitration award issued to plaintiffs and confirmed by the Court requires Vintage to "permit and facilitate the Funds conducting an audit of its books and records for the period of November 25, 2008 through to date to determine whether it is in compliance with its obligations." (Bauman Decl. Ex. B at 5.) An audit of Vintage's records was conducted on May 2, 2012 by plaintiffs' auditor. However, plaintiffs have submitted correspondence from the auditor detailing the "records requested in the initial audit letter that were not provided" by Vintage during the audit. (Supplemental Bauman Decl. Ex. A at 2.) Plaintiffs have identified these records as follows: individual earnings records (payroll history records); weekly payroll journals, including hours worked, job locations and job descriptions; Vintage's Corporate Income Tax Return, Form 1120 for 2008 and 2011; Vintage's Form 941 for 2008, 2010, and the third quarter of 2011; Vintage's Form 940 for 2008, 2009, 2010, and 2011; all Forms NYS-45, other than for the first three quarters of 2011; monthly bank statements for Vintage's Chase

4

Account # 000000877938589 or any other account maintained by Vintage for 2008, 2009, and the first seventh months of 2010; copies of cancelled checks for the entire audit period; general ledger reports for 2008, 2009, January 2011, and May 2011 through September 2011; cash receipts and cash disbursement reports for the entire audit period; sales invoices; purchase invoices; Funds Remittance Reports; and certified payroll records. (Id. ¶ 11.) Plaintiffs ask the Court to order Vintage to provide all requested documents within fourteen days of its ruling on this motion. (Id. ¶ 12–13.) Plaintiffs further ask that if Vintage fails to comply, it be issued a daily fine of $50.00 until it does so. (Id.) Vintage has not responded to plaintiffs' motion.

Having examined the record and considered the conduct of Vintage and the likely damages suffered by plaintiffs, I conclude that plaintiffs' request that Vintage provide the documents identified above within fourteen days of this Order is appropriate relief under 29 U.S.C. § 1132(g)(2)(E), which permits a court to award "such other legal or equitable relief as the court deems appropriate." Should Vintage fail to comply with this Order, Vintage shall pay plaintiffs $50.00 per day until it has so complied. If Vintage does not produce the documents identified above within thirty (30) days of this Order, Vintage shall pay plaintiffs $300 per day until it has done so.

CONCLUSION

For the reasons stated above, plaintiffs' motion for contempt and for attorney fees and costs (Docket # 24) is GRANTED. Plaintiffs are awarded a total of $7,680.00 in attorney fees and $69.31 in costs.

Pursuant to Rule 65(d)(1)(C), Fed. R. Civ. P., Vintage is ordered to provide the following documents within fourteen (14) days of this Order: individual earnings records (payroll history records); weekly payroll journals, including hours worked, job locations and job

5

descriptions; Vintage's Corporate Income Tax Return, Form 1120 for 2008 and 2011; Vintage's

Form 941 for 2008, 2010, and the third quarter of 2011; Vintage's Form 940 for 2008, 2009,

2010, and 2011; all Forms NYS-45, other than for the first three quarters of 2011; monthly bank

statements for Vintage's Chase Account # 000000877938589 or any other account maintained by

Vintage for 2008, 2009, and the first seventh months of 2010; copies of cancelled checks for the

entire audit period; general ledger reports for 2008, 2009, January 2011, and May 2011 through

September 2011; cash receipts and cash disbursement reports for the entire audit period; sales

invoices; purchase invoices; Funds Remittance Reports; and certified payroll records.

If Vintage fails to produce these documents within fourteen (14) days of this

Order, Vintage shall pay plaintiffs $50.00 per day until it has so complied.  If Vintage does not

comply within thirty (30) days of this Order, Vintage shall pay plaintiffs $300.00 per day until it

has so complied.


SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 18, 2012

6